## Case No. 10,962.

### In re PENTLARGE et al.

[17 Blatchf. 306; 4 Ban. & A. 607.] [1]

Circuit Court, E. D. New York.   Nov. 14, 1879.

PRACTICE IN EQUITY— CONSENT DECREE—BILL OF REVIEW TO SET ASIDE—ESTOPPEL.

1. R. having sued F., in equity, for the infringement of a patent, F., in writing, admitted R.'s right, and agreed on the damages to be paid, and to consent to a decree therefor and for a perpetual injunction. Such consent was given and the decree was entered, the damages were paid, and the injunction was issued. Many terms of court having elapsed since the entry of the decree, F. applied for leave to file a supplemental bill, to set aside the decree, on the ground that the agreement was entered into under a mistake of fact. *Held*, that the application was really to file a bill of review, and was too late, under rule 88, in equity.

2. The decree having been entered by consent, a bill of review to set it aside could not be entertained.

3. The agreement operated as an estoppel.

[In the matter of the petition of Frederick Pentlarge and William Beeston.]

BENEDICT, District Judge. The petitioners, being parties defendant to an action brought against them by Rafael Pentlarge, to recover damages for the infringement of a certain patent, entered into a written agreement, under seal, with the plaintiff, wherein they expressly admitted the validity of the plaintiff's patent, and his exclusive right to the invention described therein, and agreed upon the amount of damages to be paid for their infringement, and to consent to a decree upholding the patent, and adjudging the sum of $2,000 to be due as damages, and awarding a perpetual injunction against future infringement by them. [See Case No. 10,963, and note.] In accordance with this agreement, a consent to the decree described therein was given, and, upon it, such a decree was duly entered. The damages awarded by the decree were thereafter paid, and the perpetual injunction awarded by the decree was duly issued. The defendants now, many terms of court having elapsed since the entering of the decree, apply, by petition, for leave to file a supplemental bill, for the

purpose of procuring the decree so entered by consent to be set aside, upon the ground that the agreement above-mentioned was entered into under a mistake of fact. To such an application there are several fatal objections. In the first place, the application is, in substance, for leave to file a bill of review. It is, therefore, governed by the eighty-eighth equity rule, and comes too late. In the second place, a bill of review, for the purpose of setting aside a decree entered by consent, without fraud, will not be entertained. "A decree taken by consent cannot be set aside by a bill of review, or a bill in the nature of review." 2 Daniell, Ch. Prac. (4th Am. Ed.) 1575; French v. Shotwell, 5 Johns. Ch. 555. In the third place, so long as the agreement made between the parties, prior to the entry of the decree, stands, the admissions of the plaintiff's right to the patent sued on, and to his exclusive right to the invention described therein, made by the petitioners, and set forth in the agreement, under their hands and seals, must operate by way of estoppel, to prevent any different determination as to the plaintiff's right to the invention described in his patent, from that contained in the decree sought to be set aside. Either of these considerations is sufficient to compel a denial of the application. It is, therefore, denied.

[NOTE. This case was again heard upon defendant's motion to stay contempt proceedings. 1 Fed. 862. See, also, Case No. 10,965a. It was again heard upon demurrer to bill and motion to strike out plea. 19 Fed. 817.]